# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DUSTIN C. WILSON,** | ) | Civil Case No. 7:13cv00541 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WALLENS RIDGE** | ) | |
| **STATE PRISON,** *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Dustin C. Wilson, a Virginia inmate proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against Wallens Ridge State Prison and several correctional officers, alleging that he was subjected to excessive force and denied adequate medical care in December 2012. I find that Wilson has failed to state a claim against any of the named defendants and, therefore, I will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Inasmuch as Wilson alleges no facts against, or conduct committed by, any of the named defendants, I find that he has failed to state a claim under § 1983. Further, as Wallens Ridge State Prison is not a "person" subject to suit under § 1983, Wilson also cannot maintain his action against the defendant prison. *See McCoy v. Chesapeake Correctional Center*, 788 F. Supp. 890 (E.D. Va. 1992).

For these reasons, I will dismiss Wilson's § 1983 action without prejudice pursuant to § 1915A(b)(1) for failing to state a claim upon which relief may be granted.[1]

ENTER: This 5th day of December, 2013.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] In his most recent letter (Docket No. 10), Wilson asks the court to order his transfer to another facility in order "to prevent any and all possible retaliation" against him for the filing of this action. Wilson does not allege than any retaliation has occurred. In order to sustain a cognizable retaliation claim under § 1983, an inmate must point to specific facts supporting his claim of retaliation. *White v. White*, 886 F.2d 271 (4th Cir. 1989). "[B]are assertions of retaliation do not establish a claim of constitutional dimension." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (federal courts should regard inmate claims of retaliation with "skepticism"). In this case, Wilson has alleged no facts to support a constitutional claim of retaliation.